IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRIAN CHARLES GREGG,**

    **Petitioner,**

v.                      **CIVIL ACTION NO. 1:06cv157**

**WYETTA FREDERICKS,**

    **Respondent.**

### REPORT AND RECOMMENDATION
### 28 U.S.C. § 2254

### I. INTRODUCTION

On October 26, 2006, *pro se* petitioner, Brian Charles Gregg, filed a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody. On December 6, 2006, petitioner paid the required $5.00 filing fee. Following a preliminary review, the undersigned found that summary dismissal was not warranted. Accordingly, the respondent was directed to file an answer. On February 2, 2007, the respondent filed a Motion to Dismiss with supporting memorandum and exhibits. On February 5, 2007, a Roseboro Notice was issued, and on February 13, 2007, the petitioner filed a response to the Motion to Dismiss. This matter is how ripe for review.

### II. FACTS

#### A. Conviction

On April 16, 2004, following a jury trial, the petitioner was found guilty of Robbery in the Second Degree and Entering Without Breaking. (Dckt. 34-2, pp. 8-9). By order entered June 14, 2004, the petitioner was found to be guilty of Recidivism within the meaning of West Virginia

Code § 61-11-18. (Dckt. 34-2, p. 13) and was sentenced to five to eighteen years on his conviction for Entering Without Breaking; one to ten years on his conviction for Robbery in the Second Degree; and life for Recidivism. (Dckt.32, p. 14). The sentencing judge further ordered that the sentences for Recidivism and Entering Without Breaking be served concurrently.(Dckt. 34-2, p. 15). Thereafter, the petitioner filed an Appeal with the West Virginia Supreme Court of Appeals which was refused on May 24, 2005. (Dckt. 3402, p. 17). The petitioner did not file a petition for certiorari in the United States Supreme Court.

### B. State Habeas Corpus

The petitioner filed a petition for writ of habeas corpus in the Circuit Court of Ohio County on October 13, 2006.(Dckt. 34-2, p. 52). As grounds for relief, the petitioner raised the issue of "identification." (Dckt. 1, p. 3). At the time the petitioner filed his federal habeas petition, no decision had been made on that petition. (Id).

### C. Federal Habeas Corpus

**Petitioner's Contentions**

The petitioner raises three grounds for relief in his petition. First, he alleges that a Wheeling detective violated his constitutional rights by taking his photo to the crime scene and altering and pointing to the photo. Second, the petitioner alleges that the eyewitness changed her story to "fit detectives desire to see me as a robber." Finally, the petitioner alleges that there was no physical evidence to tie him to the robbery.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).

Section 2244(d)(1) provides that the period of limitation will begin to run from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

The day of the event from which the statute of limitations begins to run is excluded in calculating the one year period. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Id. at 327. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the

document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

Petitioner does not assert that the Government impeded the filing of his §2254 petition, that the Supreme Court created a newly recognized constitutional right which was made retroactive or that there are newly discovered facts. Therefore, the date on which petitioner's judgment became final is relevant in determining the statute of limitations.

Petitioner was sentenced on June 14, 2004, and the West Virginia Supreme Court denied his Appeal on May 24, 2005. He did not file a petition for certiorari in the United States Supreme Court. Therefore, Petitioner's conviction became final on August 22, 2005, the date the time for seeking direct review expired.[1] Consequently, Petitioner had one year from August 23, 2005, or until August 23, 2006, to file a §2254 petition. Petitioner did not take any action between August 23, 2005 and August 23, 2006. In fact, Petitioner did not file his state habeas petition until October 13, 2006, after the one year limitations period had ended. Thus, petitioner's state habeas petition did not toll the one year limitations period. Therefore, because the statute of limitations had expired on August 23, 2006, and there is no event which tolled the statute of limitations, petitioner filed his §2254 petition more than two (2) months after the statute of limitations had expired and is, therefore, untimely.

## IV. RECOMMENDATION

---

[1]The Fourth Circuit has held that the time for seeking direct view of a state court conviction concludes when either the period for filing of writ of certiorai in the United States Supreme Court expires or such writ is denied by the United States Supreme Court. Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Petitioner's conviction therefore became final upon the expiration of the 90-day period for seeking a writ of certiorai in the United States Supreme Court. See Rule 13.1 of the Supreme Court Rules.

4

For the foregoing reasons, it is recommended that the respondent's motion to dismiss (dckt. 34) be **GRANTED**, and the petition filed pursuant to 28 U.S.C. §2254 be **DENIED and DISMISSED WITH PREJUDICE** because it is untimely.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984)

The Clerk of the Court is directed to mail a copy of this Recommendation to petitioner and to any counsel of record.

Dated: June 8, 2007

    /s/ James E. Seibert
**JAMES E. SEIBERT**
**UNITED STATES MAGISTRATE JUDGE**