```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**BRIAN CHARLES GREGG,**

     Petitioner

v.                             **CIVIL ACTION NO. 1:06cv157**
                                       **(Judge Keeley)**

**WYETTA FREDERICKS,**

     Respondent.

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. INTRODUCTION

On October 26, 2006, Brian Charles Gregg ("Gregg"), the pro se petitioner in the custody of the State of West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his petition, Gregg challenges a conviction and sentence imposed in the Circuit Court of Ohio County, West Virginia.

On February 2, 2007, the respondent, Wyetta Fredericks, filed a motion to dismiss, arguing that Gregg's habeas corpus petition is time barred pursuant to 28 U.S.C. § 2244(d). On February 5, 2007, United States Magistrate Judge James E. Seibert issued a Roseboro Notice advising Gregg of his right to file a response. On February 13, 2007, Gregg filed his response to Fredericks's motion to dismiss.

---

[1] Gregg filed his initial petition under 28 U.S.C. § 2241. On November 13, 2006, Gregg informed the Court that he mistakenly filed his initial petition under 28 U.S.C. § 2241 as opposed to 28 U.S.C. § 2254. The same day, the Court accepted Gregg's amended petition under 28 U.S.C. § 2254 and docketed the case accordingly.

**Gregg v. Fredericks**                                                    1:06cv157

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and standing order, the Court referred this matter to United States Magistrate Judge James E. Seibert, who, on June 8, 2007, issued a Report and Recommendation ("R&R") recommending that Fredericks's motion be granted and that Gregg's petition be denied and dismissed with prejudice. On June 25, 2007, Gregg filed objections to the R&R.

After conducting a <u>de novo</u> review of those portions of Magistrate Judge Seibert's R&R to which the petitioner objects, the Court finds that Gregg's objections are without merit and that the magistrate judge's analysis is correct. Accordingly, for the reasons that follow, the Court **AFFIRMS** Magistrate Judge Seibert's R&R, **GRANTS** the respondent's motion to dismiss and **DISMISSES WITH PREJUDICE** Gregg's 28 U.S.C. § 2254 petition.

## II.  BACKGROUND

### a.  Conviction

On April 16, 2004, a jury sitting in the Circuit Court of Ohio County, West Virginia found Gregg guilty on charges of Robbery in the Second Degree and Entering Without Breaking. By order dated June 14, 2004, Judge Arthur M. Recht sentenced Gregg to five to eighteen years of imprisonment on his conviction for Robbery in the Second Degree and to one to ten years of imprisonment on his conviction for Entering Without Breaking. Pursuant to West

2

**Gregg v. Fredericks**                                                1:06cv157

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Virginia Code § 61-11-18, Judge Recht also found Gregg guilty of Recidivism, sentenced him to life imprisonment, and ordered that Gregg's life sentence be served concurrently with his sentence of one to ten years for Entering Without Breaking.

**b.  Appeal**

On December 27, 2004, Gregg, by his attorney, Mark D. Panepinto ("Panepinto"), filed a Petition for Appeal.  On January 12, 2005, that petition was lodged with the West Virginia Supreme Court of Appeals.  On May 24, 2005, the West Virginia Supreme Court of Appeals refused Gregg's petition by a 3-2 vote. Gregg did not file a petition for writ of certiorari in the United States Supreme Court.

**c.  State Petition for Writ of Habeas Corpus**

On October 13, 2006, Gregg filed a pro se petition for writ of habeas corpus in the Circuit Court of Ohio County, West Virginia pursuant to West Virginia Code § 53-4A-1.  On October 30, 2006, Judge Recht denied this petition.

**d.  Federal Petition for Writ of Habeas Corpus**

On October 26, 2006, Gregg , again as a pro se litigant, filed a petition under 28 U.S.C. § 2241 for writ of habeas corpus in this Court.  In challenging his state court conviction and the resulting sentence imposed in the Ohio County Circuit Court, Gregg asserted:

3

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

1) that his due process rights were violated on the day after the alleged robbery when a Wheeling detective presented a "photo spread" to a witness and directed the witness's attention to a photograph depicting Gregg while placing his thumb over a portion of that photograph; 2) that an eyewitness changed her story to comply with a detective's "desire to see [Gregg] as [a] robber"; and 3) that there was no physical evidence to support the jury's finding. (Doc. No. 1 at 5.)

On November 13, 2006, the Court received a letter from the petitioner in which he stated that he had mistakenly filed this action pursuant to 28 U.S.C. § 2241 as opposed to 28 U.S.C. § 2254. Included with Gregg's letter was an amended petition for writ of habeas corpus. That same day, the Clerk's Office filed Gregg's amended petition and docketed the case as a § 2254 action. The amended petition contains the same three grounds for relief as the initial petition.

The Court notes that in response to question number eight of the § 2254 petition form, Gregg indicates that he appealed from the judgment of conviction. When asked in question number nine to identify, among other things, the applicable court and docket number of that appeal, Gregg responds by stating, "My lawyer advised it wasn't necessary to appeal at that time and that he

4

would secure all my appeal rights." (Doc. No. 10 at 2.) Gregg adds, "My [l]awyer's impediment is the reason why my 1 year limitation [f]lew out the window." Id.

On February 2, 2007, the respondent filed both an answer and a motion to dismiss Gregg's petition as untimely. In her motion, the respondent contends that the instant action should be dismissed with prejudice because it was not filed in compliance with the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1).

On June 8, 2007, the magistrate judge issued his R&R recommending that the petitioner's federal habeas corpus petition be dismissed with prejudice because the petitioner failed to file it within the one-year limitation period established under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and 28 U.S.C. § 2244(d)(1). On June 25, 2007, Gregg filed objections to the R&R.

### III. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Magistrate Judge Seibert's Report and Recommendation focuses exclusively on the question presented by the respondent in her motion to dismiss: Did Gregg's § 2254 petition satisfy the timeliness requirements of the AEDPA and 28 U.S.C. § 2244(d)(1)? In concluding that it did not, Magistrate Judge Seibert: 1) outlines the one-year statute of limitations for federal habeas

**Gregg v. Fredericks**                                                1:06cv157

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

corpus claims as set forth in the AEDPA and 28 U.S.C. § 2244(d)(1); 2) looks to case law for the rules governing the application of that limitation period; and 3) analyzes the facts of this case in light of those rules.

Title 28 U.S.C. § 2244(d)(1) provides that the one-year limitations period for federal habeas corpus actions will begin to run at the latest of the following occurrences:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Further, the Fourth Circuit Court of Appeals recognizes that the limitations period will not begin to run until the day after a triggering event. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). Moreover, a federal habeas corpus petition filing deadline is tolled while a "properly filed

**Gregg v. Fredericks**                                                  **1:06cv157**

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); <u>Harris v. Hutchinson</u>, 209 F.3d 325 (4th Cir. 2000).

In applying these rules to the facts of this case, the magistrate judge found that Gregg's federal habeas corpus limitations period began to run on the day after his judgment became final -- that is, on the day after his time for seeking direct review expired.  Because the petitioner's time to seek direct review at the United States Supreme Court expired on August 22, 2005, Gregg had until August 23, 2006 to file a § 2254 petition.

After noting that Gregg failed to seek federal habeas corpus review within the limitations period, Magistrate Judge Seibert also noted that Gregg failed to properly file a State habeas corpus petition within the applicable state law limitations period relevant to that collateral action.  Therefore, the magistrate judge concluded that the statute of limitations applicable to Gregg's federal petition was never tolled by the pendency of any properly filed state court petition for collateral relief and that Gregg's § 2254 petition was time barred.  Accordingly, he recommends that the respondent's motion to dismiss be granted and

**Gregg v. Fredericks**	1:06cv157

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

that Gregg's § 2254 petition be denied and dismissed with prejudice.

**IV.  PETITIONER'S OBJECTION TO THE REPORT AND RECOMMENDATION**

In his objection to the R&R, Gregg contends that Magistrate Judge Seibert erred when he applied 28 U.S.C. § 2244(d)(1)(A) and, consequently, when he concluded that the one-year limitation period began running on August 23, 2005.  According to Gregg, 28 U.S.C. § 2244(d)(1)(B) must apply to this case because his state-appointed attorney promised, but failed, to file his § 2254 petition in a timely fashion.  Thus, Gregg argues that the running of the one-year limitation period commenced in September, 2006, when he removed the impediment to filing created by his attorney and became a *pro se* litigant.

In support of his position, Gregg attaches six letters as exhibits to his objections.  Five of these letters were sent by Gregg to his trial attorney, Mark D. Panepinto.  The remaining letter was sent from Panepinto to Gregg.  All were written after the West Virginia Supreme Court of Appeals refused Gregg's appeal.  Included in these correspondences is a letter, dated September 14, 2006, in which Gregg informs Panepinto that he will proceed as a *pro se* litigant if Panepinto fails to file the federal habeas corpus petition "within 10 working days" as requested.  (Doc. No.

42-1 at 3.) Also included is a letter, dated November 8, 2006, in which Panepinto responds to Gregg's request for transcripts of trial testimony.[2] According to Gregg, these letters "show a consistent and ongoing relationship [between himself and Panepinto], and high hopes for this state appointed employee to file my habeas timely." Id. at 1.

## V. STANDARD OF REVIEW

The Court will review do novo any portions of the magistrate judge's Report and Recommendation to which a specific objection is made, Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983), and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object. Id.

## VI. ANALYSIS

The petitioner's only objection to the R&R is that the magistrate judge employed the wrong triggering occurrence under 28 U.S.C. § 2244(d)(1) when calculating the running of the one-year limitations period applicable to this case.[3]

---

[2] The full text of this letter reads: "Dear Brian: As you requested, enclosed please find the transcripts of the testimony of Detective Louis Dvoracek and Paula Beulah Digiovanni in regards to the above-referenced case. Thank you for your attention and cooperation in this regard. Very truly yours, Mark D. Panepinto"

[3] In his § 2254 petition, Gregg responded to a question pertaining to the direct review history of his case by stating that his "[l]awyer's impediment is the reason why [his] 1 year limitation [f]lew out the window." (Doc. No. 10 at 2.) While such a statement is misplaced within the petition, the Court finds

9

**Gregg v. Fredericks**                                             **1:06cv157**

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The magistrate judge found: 1) that pursuant to 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period began to run on Gregg's federal habeas corpus action on August 23, 2005, the day after his time to seek direct review by the United States Supreme Court expired; and 2) that Gregg's petition was time barred because it was filed well beyond the August 23, 2006 deadline. By contrast, pursuant to § 2244(d)(1)(B), Gregg argues that the applicable limitations period began to run much later, in September, 2006, when he removed a filing impediment derived of state action by proceeding without the assistance of his state-appointed attorney. Accordingly, Gregg asserts that his October 26, 2006 federal petition for writ of habeas corpus fell well within the applicable limitations period.

According to Gregg, subpart B of § 2244(d)(1) identifies the applicable triggering occurrence in this case because his court-appointed attorney, Mark Panepinto, impeded his ability to file a § 2254 petition for a writ of habeas corpus in a timely fashion. Gregg states that he "was under the impression" that a continuing

---

no reason to ignore this argument in light of the issue raised by Fredericks in her motion to dismiss. A full evaluation is warranted because the allegations of pro se petitioners are held to "less stringent standards" than if they had been drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Moreover, courts in the Fourth Circuit need "not require a pro se petitioner to anticipate affirmative defenses in the § 2254 petition." Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

attorney-client relationship existed until late September, 2006. (Doc. No. 42 at 2.) Gregg further contends that the one-year limitation period did not begin to run until September 24, 2006, when, due to Panepinto's failure to respond to Gregg's September 14, 2006 written request for prompt filing, Gregg was forced to prepare and file the petition himself. The Court disagrees.

First, Gregg offers no evidence that there was, in fact, an attorney-client relationship between him and Panepinto anytime after the West Virginia Supreme Court of Appeals refused his direct appeal. This Court acknowledges that Panepinto sent transcripts of trial testimony to Gregg under the cover letter dated November 8, 2006. That letter, however, in no way establishes that there was an attorney-client relationship between Gregg and Panepinto at that time. It merely conveys Panepinto's compliance with Gregg's request for documents.

In his objection however, Gregg also asserts that "[i]n another letter destroyed in a prison flood [Panepinto] informed me that he had [the filing of the federal habeas petition] under control." The fact remains that no such record is before this Court. Gregg's "impression" is not supported by evidence and therefore, is not enough to warrant a finding by this Court that an

attorney-client relationship existed after the West Virginia Supreme Court of Appeals refused Gregg's appeal on May 24, 2005.

Further, for the triggering event outlined in § 2244(d)(1)(B) to apply, the impediment to filing a petition for habeas corpus relief must be "created by [s]tate action in violation of the Constitution or the laws of the United States. . . ." 28 U.S.C. § 2244(d)(1)(B).  Yet when an attorney accepts a court's assignment of representation, that attorney does not become an agent of the state nor does he or she suddenly act under color of state law. Finch v. Miller, 2007 WL 1757956 at *2 (8th Cir. 2007). This is true whether the attorney is a public defender or a private practitioner. Id.

Even if an attorney-client relationship existed between Gregg and Panepinto after the West Virginia Supreme Court refused Gregg's appeal, any alleged impediment to Gregg's filing of his § 2254 petition is not attributable to state action. The state is not responsible for an impediment caused by a court-appointed attorney, and the circumstances alleged here are simply incompatible with the state action requirement of § 2244(d)(1)(B).

Because Gregg offers no evidence of an attorney-client relationship between himself and Panepinto after May 24, 2005, and because the actions, or omissions, of a court-appointed attorney

cannot satisfy the state action requirement of 28 U.S.C. § 2244(d)(1)(B), Gregg's objection is without merit. Accordingly, this Court finds that pursuant to 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period applicable to this case began to run when Gregg's time to file a petition for writ of certiorari in the United States Supreme Court expired and his conviction became final. Further, because Gregg's conviction became final on August 22, 2005, the filing of his § 2254 petition on October 26, 2006 was untimely.

Accordingly, the magistrate judge's R&R is **AFFIRMED**, the respondent's Motion to Dismiss is **GRANTED**, and Gregg's § 2254 petition is **DISMISSED WITH PREJUDICE** from the docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies, and to mail a copy of this Order to the petitioner, certified mail, return receipt requested.

Dated: July 31, 2007

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE